IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| KENWIN PRINTUP, | ) | |
| | ) | Civil Action No.: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VENTURE LOGISTICS ENTERPRISE, LLC, and GENERAL ELECTRIC COMPANY, | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Kenwin Printup, by and through undersigned counsel, and files this his Complaint for Damages against Defendants Venture Logistics Enterprise, LLC ("Venture") and General Electric Company ("GE") (collectively, "Defendants"), stating as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to recover damages for Defendants' unlawful retaliation in violation of 42 U.S.C. § 1981 ("Sec. 1981").

1

## **JURISDICTION AND VENUE**

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

3.

Defendants are subject to specific jurisdiction in this Court over the claims asserted in this action. In addition, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District. In accordance with 28 U.S.C. §§ 1391(b)(1) and (2), venue is appropriate in this Court.

## **PARTIES**

4.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant Venture is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant Venture may be served with process by delivering a copy of the summons and complaint to its registered agent, Yamia Whipple, 6337 Dekeon Drive, Atlanta, Georgia 30349.

7.

Defendant GE is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

Defendant GE may be served with process by delivering a copy of the summons and complaint to its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046.

## FACTUAL ALLEGATIONS

9.

Plaintiff is African American/Black.

10.

Plaintiff began working for Defendants on October 25, 2020, as a driver.

11.

Throughout Plaintiff's employment with Defendants, he was subjected to racist comments directed toward him by his supervisor through Venture, Don.

12.

For example, Don frequently called Plaintiff a "ninger," and often told Plaintiff, "Boy, you don't know your place."

13.

Additionally, Plaintiff and other African American/Black employees were subjected to discriminatory employment practices.

14.

In or around June 2021, Plaintiff complained to Don about the discriminatory employment practices. Specifically, Plaintiff stated that he felt like Don was intentionally giving more work to non-Black employees.

15.

In response to Plaintiff's complaint of discrimination, Don said, "Y'all people are getting on my nerves."

16.

When Plaintiff asked Don if he was referring to Black employees, Don replied, "You know what I said."

17.

In or around July 2021, Plaintiff complained to the Venture Operations Manager, Van, multiple times regarding the derogatory, race-based comments that Don made toward him.

18.

Plaintiff told Van that Don made racist jokes and racist comments toward him, including frequently calling Plaintiff a "ninger," and telling Plaintiff, "Boy, you

4

don't know your place."

19.

Plaintiff told Van that he overheard Don tell a female, Black employee, "Hey, Aunt Jemimah, you should be cooking instead of driving trucks."

20.

In addition to the racist comments, Plaintiff complained to Van that Don intentionally gave the non-Black employees more jobs, and he therefore allowed non-Black employees to work more hours than Plaintiff and other Black employees.

21.

Van dismissed Plaintiff's complaints and made no effort to address Don's racist behavior or employment practices.

22.

In or around early October 2021, Plaintiff complained to Monnie Pryor, Venture Human Resources Manager, about Don's racist comments and race-based employment practices.

23.

Plaintiff told Ms. Pryor that Don had called him a "ninger," and told him, "Boy you don't know your place." Plaintiff also told Ms. Pryor that Don was intentionally giving more work to non-Black employees, at the expense of Black employees.

24.

Ms. Pryor told Plaintiff that she would look into these complaints, but Plaintiff continued to be subjected to racist comments from Don, and Black employees continued to be given less work than non-Black employees.

25.

On or around November 2, 2021, Plaintiff again complained to Ms. Pryor about the racist comments and race-based employment practices.

26.

On or around November 22, 2021, Ms. Pryor informed Plaintiff that there would be an investigation, and she placed Plaintiff on leave for one week.

27.

On or around November 29, 2021, Ms. Pryor informed Plaintiff that he was being terminated because GE claimed that he was late to pick up a load.

28.

Plaintiff disputed this allegation, and Ms. Pryor replied that she would check back with GE.

29.

Ms. Pryor called Plaintiff again later that day and informed him that GE did not want him on their property because Plaintiff had allegedly got into an argument with Don.

30.

Plaintiff disputed this allegation as well.

31.

Ms. Pryor then terminated Plaintiff's employment.

32.

Venture had influence and control over the terms and conditions of Plaintiff's employment, including his rate of compensation, direction, and termination.

33.

GE had influence and control over the terms and conditions of Plaintiff's employment, including his supervision, direction, and termination.

34.

Any reason given for Plaintiff's termination is pretext for unlawful retaliation in violation of Section 1981.

35.

As a result of the termination, Plaintiff has suffered damages, including lost wages and emotional distress.

## CLAIMS FOR RELIEF

### COUNT I: VIOLATION OF 42 U.S.C. § 1981 RETALIATION

36.

Plaintiff reincorpoates by reference paragraphs 7-35.

37.

Plaintiff engaged in protected conduct when he complained about race- and color-based based discrimination.

38.

Defendants subjected Plaintiff to adverse action (to wit, termination) because of his protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

39.

There was a causal connection between the protected conduct and the adverse action.

40.

As a direct and proximate result of these actions, Plaintiff has suffered economic and non-pecuniary damages.

41.

Defendants acted with malice and/or reckless indifference to Plaintiff's federally protected rights by retaliating against him for exercising such rights.

42.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest,

reinstatement or front pay in lieu thereof, and any other relief available under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a) General damages for mental and emotional suffering caused by Defendants' unlawful conduct;

(b) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation, and approval of said acts;

(c) Damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorneys' fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted, this 28th day of January, 2022.

**BARRET & FARAHANY**

s/ *V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504

*Attorney for Plaintiff*

PO BOX 530092,
Atlanta, GA 30343-0092 (404) 214-0120
severin@justiceatwork.com